IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAURETTA D. CONDE,                  :
                                    :
        Plaintiff,                  :
                                    :
v.                                  :    Civil Action No.
                                    :    1:17-CV-00078-TWT-JCF
INTERNATIONAL                       :
BROTHERHOOD OF                      :
TEAMSTERS LOCAL UNION               :
728                                 :
                                    :
        Defendant.                  :

**ORDER and NON-FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs (Doc. 1) and Defendant's Motion to Dismiss (Doc. 3).

**Factual and Procedural History**

Plaintiff, who is proceeding *pro se*, alleges that she is a member of Defendant Union, which maintains a referral list from which production companies hire members.  (*See* Doc. 1-1 at 8).  On January 5, 2017, Plaintiff filed an Application To Proceed In District Court Without Prepaying Fees Or Costs.  (Doc. 1).  She attached to her application a form employment discrimination complaint in which she alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*  ("Title VII"), the Age Discrimination in

1

Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*. ("ADEA"), and the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*.  ("ADA").  (Doc. 1-1). According to Plaintiff, Defendant changed the seniority referral list system in 2014 by adding a "5% clause" to the bargaining agreement, which allows Defendant to withhold five percent of the referee names (i.e., names based on seniority) from being hired by production companies.  (*Id*. at 8-9).  Plaintiff alleges that the adoption of that rule has allowed "Local Union 728, Captains and Producers/Coordinator/Company the right to discriminate, without repercussion." (*Id*. at 9).   She asserts that the "5% rule allowed 'nepotism' to take a seat at the head table allowing those they find unfavorable to be skipped over repeatedly without restraint."  (*Id*.).  She further alleges that she "made a grievance and plea to the Local 728 regarding discrimination, retaliation and bull[y]ing while working on" various productions, but a Business Agent told her "they don't have to hire [Plaintiff] because of the 5% rule," and the Union found no merit to her grievance. (*Id*.).   Plaintiff also filed a charge with the National Labor Relations Board ("NLRB"), which was dismissed, and she filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter.  (*Id*. at 9-10).  Plaintiff alleges that "[a]fter filing these charges I have been blackballed, being given very little in 2015 and little to no work in 2016."  (*Id*.).

2

Defendant Truck Drivers and Helpers Local Union 728, incorrectly named as "International Brotherhood of Teamsters Local Union 728" in the Complaint, filed a motion to dismiss on February 23, 2017.  (Doc. 3).  Defendant moves to dismiss Plaintiff's Complaint on the grounds that: 1) Plaintiff failed to perfect service on Defendant; 2) the action is time-barred because the Complaint was filed 91 days after Plaintiff received her right to sue letter from the EEOC; and 3) Plaintiff failed to state a Title VII, ADEA, or ADA discrimination or retaliation claim that is plausible on its face.  (Doc. 3-1 at 3).[1]  Plaintiff did not respond to Defendant's motion.[2]

## I.    Plaintiff's Request To Proceed In Forma Pauperis

After consideration of Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs (Doc. 1), the Court **GRANTS** Plaintiff's request pursuant to 28 U.S.C. § 1915(a), and she shall be allowed to proceed with this action without prepayment of filing or United States Marshal Service fees.

---

[1] References to Defendant's brief are to the Court's CM-ECF pagination.

[2] Although Plaintiff did not respond to Defendant's motion, an unopposed motion to dismiss is not automatically due to be granted.  "[R]ather, the Court is still required to consider the merits of the motion."  *Jackman v. Hasty*, 1:10-CV-2485-RWS, 2012 U.S. Dist. LEXIS 57893, at *5 (N.D. Ga. Apr. 24, 2012); *see also Davis v. Bank of Am., N.A.*, No. 1:11-cv-4552-JEC-RGV, 2012 U.S. Dist. LEXIS 128290, at *6 (N.D. Ga. Sept. 10, 2012) (explaining that the moving party does not automatically prevail on an unopposed motion to dismiss).

## II.    Review Of Plaintiff's Complaint Pursuant To 28 U.S.C. § 1915(e)(2)(B) and Defendant's Motion To Dismiss[3]

### A.    Applicable Standards

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.  A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED R. CIV. P. 8(a)(2).  That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a

---

[3] Defendant's motion to dismiss based on lack of service should be denied because the Court has not yet determined whether Plaintiff's complaint should proceed to service in light of the fact that Plaintiff is proceeding *in forma pauperis*.  If this action is ultimately allowed to proceed, the Court will provide further direction concerning service of process.

plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

"Additionally, because Plaintiff [is] acting pro se, [her] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' " *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

## B.   Plaintiff's ADA Claims

### 1.   Discrimination

The undersigned finds that Plaintiff's ADA disability discrimination claim should be dismissed because she has not administratively exhausted that claim by filing an EEOC charge in which she asserts disability discrimination, as Defendant points out.  (*See* Doc. 3-1 at 12 n.5).  "Title VII requires a plaintiff to exhaust administrative remedies by filing a timely charge of discrimination with the EEOC before pursuing a discrimination claim." *Chandler v. Volunteers of Am.*, 598 Fed. Appx. 655, 665 (11th Cir. 2015) (unpublished decision) (citing *Wilkerson v.*

*Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001)); *see also Burnett v. City of Jacksonville*, 376 Fed. Appx. 905, 906 (11th Cir. 2010) (unpublished)  (" 'Before instituting a Title VII action in federal district court, a private plaintiff must file an [EEOC] complaint against the discriminating party and receive statutory notice from the EEOC of [] her right to sue the respondent named in the charge.' " (quoting *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996)).  "Plaintiffs proceeding under the ADA must comply with the same procedural requirements articulated in Title VII, including the duty to exhaust administrative remedies," and therefore "prior to filing a claim for discrimination under the ADA, a plaintiff must file a charge of discrimination with the EEOC." *EEOC v. Summer Classics, Inc.*, 471 Fed. Appx. 868, 869-700 (11th Cir. 2012) (unpublished decision).

Here, Plaintiff filed an EEOC charge on September 28, 2015 in which she alleged discrimination based on race, sex, and age, but she did not check the box for "disability," nor did she include any allegations in the narrative portion of her charge that would support a claim of disability discrimination or allege that Defendant violated the ADA.  (*See* Doc. 1-1 at 16).   Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's ADA discrimination claim be **GRANTED**.  *See, e.g.*, *Nixon v. UPS*, No. 7:13-CV-38 (HL), 2013 U.S. Dist. LEXIS 180129, at *5-6 n.1 (M.D. Ga. Dec. 24, 2013)

("Plaintiff also checked the box on his form complaint that UPS discriminated against him based on his national origin.  However, he did not check the box for national origin on his EEOC charge, or allege any facts in the narrative section that could be construed to raise a claim for discrimination based on national origin. Thus, Plaintiff did not administratively exhaust his national origin claim, and it must be dismissed."); *Hill v. Johnson Controls World Servs.*, No. CV294-028, 1994 U.S. Dist. LEXIS 14544, at *8-9 (S.D. Ga. July 29, 1994) (finding that the plaintiff had not administratively exhausted ADA claim where he did not check box on charge for "disability" and the EEOC did not investigate or issue a finding on whether he had been discriminated against because of his alleged disability).

### 2.    Retaliation

Plaintiff has also failed to state a claim for retaliation under the ADA.  To state a claim for retaliation under the ADA, Plaintiff must allege facts that plausibly show that (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment action, and (3) a causal connection between the protected expression and the adverse action.  *See Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).  Plaintiff alleges that she engaged in statutorily protected activity when she filed her September 28, 2015 EEOC charge (*see* Doc. 1-1 at 10), but as discussed above, Plaintiff did not allege in that charge that she was discriminated against because of disability.  (*See* Doc. 1-1 at 16).  Thus, her

September 28, 2015 charge does not constitute statutorily protected activity under the ADA.  Nor has Plaintiff otherwise alleged that she engaged in protected activity under the ADA.  (*See generally* Doc. 1-1).  Although she alleges she filed a grievance with the Union and a complaint with the NLRB (Doc. 1-1 at 9-10), she did not allege that she complained about *disability* discrimination.  Accordingly, she has not alleged facts that plausibly show that she engaged in statutorily protected activity for purposes of her ADA retaliation claim.  It is therefore **RECOMMENDED** that Defendant's motion to dismiss that claim be **GRANTED**.

### C.   Title VII and ADEA Claims

#### 1.   Discrimination

Defendant argues that Plaintiff's claims should be dismissed because they are untimely, i.e., Plaintiff did not file them within 90 days of receipt of the EEOC's notice of right to sue letter, and because she failed to allege facts that support these claims.  (*See* Doc. 3-1 at 10-22).  The undersigned agrees that Plaintiff's Title VII and ADEA discrimination claims should be dismissed because they are untimely.

"Under Title VII, a plaintiff must file her complaint in the district court within 90 days of her receipt of a right-to-sue letter from the EEOC." *Miller v. Georgia*, 223 Fed. Appx. 842, 844 (11th Cir. 2007) (unpublished decision) (citing

42 U.S.C. § 2000e-5(f)(1) and *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991)); *see also Santini v. Cleveland Clinic*, 232 F.3d 823, 825 and n.2 (11th Cir. 2000) ("Title VII and ADEA actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge." (citing 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. § 626(e)).

Here, Plaintiff filed an EEOC charge on September 28, 2015, EEOC Charge No. 410-2015-06577, in which she alleged race and sex discrimination under Title VII and age discrimination under the ADEA.  (Doc. 1-1 at 16).  The EEOC issued Plaintiff a notice of right to sue letter on that charge on October 4, 2016, informing Plaintiff of her right to file a lawsuit and advising her that "[y]our lawsuit must **must be filed <u>within 90 DAYS</u>  of your receipt of this notice**, or your right to sue based on this charge will be lost."   (Doc. 1-1 at 15 (emphases in original)).  Plaintiff alleges in her complaint that she received the notice of right to sue letter on October 6, 2016.  (Doc. 1-1 ¶ 8).  Plaintiff filed this lawsuit on January 5, 2017, 91 days after she received her notice of right to sue letter.  Therefore, her Title VII and ADEA discrimination claims are untimely.

The undersigned recognizes that the 90-day time limit to file discrimination lawsuits "is non-jurisdictional and is therefore subject to equitable tolling."  *Brown v. John Deere Prod.*, 460 Fed. Appx. 908, 909 (11th Cir. 2012) (citing *Zipes v.*

*Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)) (unpublished decision). "Nevertheless, [the Eleventh Circuit has] held that 'traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances.' " *Id.* at 910 (quoting *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007)). Plaintiff has not alleged any facts to support the equitable tolling of the 90-day period, nor has she responded to Defendant's arguments in its motion concerning the untimeliness of her claims. Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's Title VII and ADEA discrimination claims be **GRANTED**. *See, e.g.*, *Norris v. Fla. Dep't of Health and Rehab. Servs.*, 730 F.2d 682, 682-83 (11th Cir. 1984) (affirming grant of summary judgment to defendant where plaintiff filed complaint 91 days after receiving notice of right to sue); *Floyd v. Ne. Fla Health Servs., Inc.*, No. 6:13-cv655-Orl-41DAB, 2014 U.S. Dist. LEXIS 159255, at *4 (M.D. Fla. Oct. 2, 2014) (finding plaintiff's claims barred because she filed her complaint 91 days after she received the right to sue letter), *adopted by* 2014 U.S. Dist. LEXIS 159260 (M.D. Fla. Nov. 12, 2014); *Rankin v. Sheraton Atlanta Hotel*, No. 1:11-cv-03975-TWT-RGV, 2011 U.S. Dist. LEXIS 151870, at *3-7 (N.D. Ga. Nov. 28, 2011) (finding *pro se* plaintiff's complaint "barred as a matter of law because it is untimely" where she filed her ADEA and Title VII claim 91 days after receiving her notice of right to sue and presented "no grounds to invoke the doctrine of equitable tolling"),

*adopted by* 2012 U.S. Dist. LEXIS 6349 (N.D. Ga. Jan. 18, 2012); *Munoz v. Island One Resorts Mgmt. Corp.*, No. 6:06-cv-1358-Orl-19KRS, 2007 U.S. Dist. LEXIS 4694, at *4 (M.D. Fla. Jan. 22, 2007) (dismissing complaint because plaintiff admitted receiving right to sue letter 91 days before she filed suit); *Brown v. Consol. Freightway*, 152 F.R.D. 656, 658-59 (N.D. Ga. 1993) (recommending that *pro se* plaintiff's complaint be dismissed because it was filed 91 days after receiving his right to sue letter, and he "offered no reason for this court to engage in equitable tolling"), *adopted by* 1993 U.S. Dist. LEXIS 20125 (N.D. Ga. Mar. 29, 1993).

## 2. <u>Retaliation</u>

To the extent that Defendant moves to dismiss Plaintiff's Title VII and ADEA retaliation claims on the ground that they were filed more than 90 days after she received her notice of right to sue letter, the undersigned recommends that motion be denied.   While Plaintiff received her notice of right to sue letter concerning her Title VII and ADEA *discrimination* claims 91 days before she filed this complaint, the record suggests that she received a right to sue letter concerning her *retaliation* claims within 90 days of filing this lawsuit.   Plaintiff alleges that in the summer of 2016, she filed another EEOC charge, alleging that Defendant retaliated against her (*see* Doc. 1-1 at 12).   Although she did not attach a copy of that charge to her Complaint, she did attach a copy of a notice of right to sue letter

11

that the EEOC mailed on December 13, 2016 (Doc. 1-1 at 19).   That letter references EEOC Charge No. 410-2016-03504 (*id.*), which is not the same number as her EEOC charge containing her discrimination claims, i.e., Charge No. 410-2015-06577 (*id.* at 16).   Because Plaintiff did not attach a copy of her 2016 EEOC charge in which she alleged retaliation, the Court cannot be certain that the notice of right to sue letter referencing Charge No. 410-2016-03504 relates to her retaliation claim.   Nevertheless, given her allegations that she filed a retaliation charge in 2016 and the EEOC issued a right to sue letter on December 13, 2016, the undersigned cannot find on the state of the record that Plaintiff's retaliation claims filed January 5, 2017 are untimely.

Defendant also argues that Plaintiff has failed to state a plausible claim for retaliation because she did not show that she engaged in statutorily protected activity because she "failed to show that her belief of discrimination was objectively reasonable," she "has not shown that Defendant Union took any adverse employment action against her," and she "identifies no facts to suggest any causal connection between the alleged protected activity in which she engaged and the adverse action she experienced."  (Doc. 3-1 at 24-25).  Both Title VII and the ADEA make it unlawful for a labor organization to retaliate against a member because she "has opposed any practice" made unlawful by the respective statutes (opposition clause), or because she "has made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing[/litigation]"
under the respective statutes (participation clause).  42 U.S.C. § 2000e-3(a) (Title
VII); 29 U.S.C. § 623(d) (ADEA).  "To state a claim for retaliation under Title VII,
a plaintiff must allege the following elements: (1) she participated in an activity
protected by Title VII; (2) she suffered an adverse employment action; and (3)
there is a causal connection between the participation in the protected activity and
the adverse action."  *Arafat v. Sch. Bd.*, 549 Fed. Appx. 872, 874 (11th Cir. 2013)
(unpublished decision) (citing *Pipkins v. City of Temple Terrace*, 267 F.3d 1197,
1201 (11th Cir. 2001)); *see also Weeks*, 291 F.3d at 1311 (setting forth same
elements for Title VII and the ADEA).

### a.  Statutorily Protected Activity

"For retaliation to be prohibited under the participation clause . . ., the
plaintiff must participate in a proceeding or activity that occurs in conjunction with
a formal charge to the EEOC or after the filing of a formal charge."  *Harris v. Fla.
Agency for Health Care Admin.*, 611 Fed. Appx. 949, 950-51 (11th Cir. 2015)
(unpublished decision).  "To engage in protected activity under the opposition
clause . . . , a plaintiff must have a good faith, objectively reasonable belief that the
employer is engaging in unlawful employment practices."  *Id*. at 951 (citing *Weeks*,
291 F.3d at 1311).

The undersigned finds that Plaintiff has plausibly alleged that she engaged in statutorily protected activity when she filed her EEOC charge on September 28, 2015, which constitutes protected activity under the participation clauses of Title VII and the ADEA.[4]   *See, e.g.*, *Birdyshaw v. Dillard's Inc.*, 308 Fed. Appx. 431, 436 (11th Cir. 2009) (unpublished decision) (quoting Title VII's participation clause and explaining that "[f]iling an EEOC charge is statutorily protected activity in this regard").   Defendant contends that Plaintiff has not shown that her EEOC charge constituted protected activity because she "failed to show that her belief of discrimination was objectively reasonable."   (Doc. 3-1 at 24).   But this circuit has not held that a plaintiff must make that showing under the participation clause and persuasive authority holds otherwise.   *See, e.g.*, *Ault v. Hilton Grand Vacations Co., LLC*, No. 6:14-cv-991-Orl-41TBS, 2015 U.S. Dist. LEXIS 75064, at *9 n.2 (M.D. Fla. June 10, 2015) ("Defendant also asserts that Plaintiff's claims must be dismissed because he failed to demonstrate that he had an objectively reasonable belief that the conduct he complained of was unlawful; however, there is no such requirement for claims brought under the Participation Clause."); *Calhoun v. EPS*

---

[4]   Plaintiff also alleges that she filed a grievance with the Union "regarding discrimination, retaliation and bull[y]ing," and she filed a charge with the NLRB. (Doc. 1-1 at 9-10).   Plaintiff has not shown that in doing so, she opposed a practice made unlawful by Title VII or the ADEA, i.e., discrimination based on characteristics protected by those statutes, nor has she alleged facts that plausibly show that she had a reasonable, good faith belief that Defendant was engaging in unlawful employment practices under those statutes.

*Corp.*, 36 F. Supp. 3d 1344, 1359 (N.D. Ga. 2014) (rejecting the defendant's argument that the plaintiff failed to show she had a reasonable, good faith belief that her employer engaged in discrimination because that requirement "applies only to retaliation claims brought under the *opposition* clause")[5];  *Wesolowski v. Napolitano*, CV 211-163, 2013 U.S. Dist. LEXIS 42525, at *15 (S.D. Ga. Mar. 25, 2013) ("While a plaintiff must demonstrate that he had a reasonable good faith belief for opposition clause activity, there is no such requirement for participation clause activity.").

### b.    Adverse Employment Action

The undersigned also finds that, taking into account Plaintiff's *pro se* status, she has plausibly alleged that she was subjected to adverse employment action for purposes of her Title VII and ADEA retaliation claims.  An adverse employment action under Title VII's anti-retaliation provision is an action "that a reasonable employee would have found … materially adverse."  *Burgos v. Napolitano*, 330 Fed. Appx. 187, 189 (11th Cir. 2009) (quoting *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).  An action is materially adverse if it might dissuade a reasonable worker "from making or supporting a charge of

---

[5] The Court in *Calhoun* acknowledged that "the Eleventh Circuit has not squarely addressed this issue," but explained that "most circuits that have addressed the issue have declined to apply a reasonable, good-faith belief requirement to retaliation claims brought under the participation clause," and "district courts in our circuit have followed the same path."  36 F. Supp. 3d at 1360 (collecting cases).

discrimination." *Burgos-Stefanelli v. Sec'y, U.S. Dept. of Homeland Sec.*, 410 Fed. Appx. 243, 246 (11th Cir. 2011) (internal citations and quotations omitted). To be actionable, the "act[] must be material and significant and not trivial," *id.*, as Title VII's anti-retaliation provision "protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington*, 548 U.S. at 67. Further, "the significance of any given act of retaliation will often depend upon the particular circumstances." *Id.* at 69. "*Burlington* also strongly suggests that it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered 'materially adverse' to him and constitute adverse employment actions." *Crawford v. Carroll*, 529 F.3d 961, 973 n.13 (11th Cir. 2008).

Here, Plaintiff alleges that after she filed her EEOC charge, she was "blackballed" and given "very little" work in 2015 and "little to no work" in 2016. (Doc. 1-1 at 10). Liberally construing her allegations, she has plausibly alleged that her work hours and arguably her pay were reduced after she filed her EEOC charge, which might dissuade a reasonable worker "from making or supporting a charge of discrimination." *Burgos-Stefanelli*, 410 Fed. Appx. at 246. *See, e.g.*, *Ambus v. AutoZoners, LLC*, 71 F. Supp. 3d 1280, 1303 (M.D. Ala. 2014) ("For retaliation purposes, the employment action need not have negatively affected take-home pay. Because it could have in this case, it stands to reason that a

reasonable jury could find reduced house to be an adverse employment action in that it could dissuade a reasonable worker from taking a protected action.").

The undersigned acknowledges Defendant's contention that Plaintiff failed "to plead sufficient facts to show that her rate of employment changed at all following her filing of the charge," as compared to her alleged reduction in employment following implementation of the 5% rule.   (Doc. 3-1 at 24-25). Defendant's contentions on this point more properly go to whether Plaintiff has alleged causation, i.e., whether the reduction in her work load was caused by the 5% rule or because Defendant sought to retaliate against her for engaging in statutorily protected activity.

### c.   <u>Causation</u>

"To demonstrate causation, 'a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated.' " *Bowers v. Bd. of Regents of the Univ. Sys. of Ga.*, 509 Fed. Appx. 906, 911 (11th Cir. 2013) (unpublished decision) (quoting *Shannon v. BellSouth Telecomm., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002)). "Causation may be inferred by a close temporal proximity between the protected activity and the adverse action." *Id.*  (citing *Thomas v. Cooper Light, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)). " 'But mere temporal proximity, without more, must be "very close." ' " *Id.* (quoting *Thomas*, 506 F.3d at 1364).  "Courts have

17

construed the causal link element broadly." *Bolden v. S.A.B.E.*, No. 6:15-cv-84, 2016 U.S. Dist. LEXIS 97610, at *7 (S.D. Ga. July 26, 2016).  "To survive a motion to dismiss, a plaintiff is only required to allege that the Defendant knew of the protected activity and 'that there was a close temporal proximity between this awareness and the adverse . . . action.' "  *Id.* at *7-8 (quoting *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004)).  "If there is a significant time gap, such as more than three months, between the protected activity and the adverse action, a plaintiff must allege additional facts that demonstrate a causal connection."  *Id.* at *8 (citing *Thomas*, 506 F.3d at 1364)).  "However, close temporal proximity is only one of several methods of demonstrating a causal connection.  Therefore, 'a court cannot simply engage in a rote evaluation of [a] time lag in evaluating the sufficiency of a retaliation claim, but instead must read the complaint holistically and take into account relevant context.' "  *Id*. (quoting *El-Saba v. Univ. of S. Ala.*, No. 15-00087-KD-N, 2015 U.S. Dist. LEXIS 137286, at *50-51 (S.D. Ala. Sept. 22, 2015), *adopted by* 2015 U.S. Dist. LEXIS 136773 (S.D. Ala. Oct. 7, 2015)).

Defendant alleges that Plaintiff failed to allege facts to suggest a causal connection because she "has not alleged that Defendant Union removed her from the referral list, told production companies not to hire her, or took any action whatsoever against her in retaliation for her filing an EEOC charge."  (*See* Doc. 3-1 at 25-26).  In addition, as discussed above, Defendant contends that Plaintiff has

not alleged facts that show that her work load was only reduced after she filed her EEOC charge, rather than after the 5% rule was implemented.  (*Id.* at 24-25).  The undersigned agrees that Plaintiff has not alleged facts that plausibly show that Defendant retaliated against her because she engaged in statutorily protected activity.  She has not identified who took action to prevent her from working, how they prevented her from working, and when they took those actions, nor has she alleged that such persons were employees or agents of Defendant or that they were aware of her statutorily protected activity.

Nevertheless, in light of Plaintiff's *pro se* status, the undersigned **RECOMMENDS** that Plaintiff be given the opportunity to amend her complaint in order to allege additional factual support for her Title VII and ADEA retaliation claims.  *See Lee v. Alachua Cnty.*, 461 Fed. Appx. 859, 860 (11th Cir. Feb. 21, 2012) (unpublished decision) (explaining that where a "more a carefully drafted complaint might state a claim," the court must allow a *pro se* plaintiff "at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile).   Specifically, it is recommended that Plaintiff be directed to file an amended complaint in which she: properly names Defendant; describes the specific actions Defendant took against her after she filed her September 28, 2015 EEOC charge and when those actions were taken; identifies the person or persons who took those actions; provides factual

support for her belief that those persons were aware of her EEOC charge; provides factual support for her belief that those persons took the challenged action because she filed an EEOC charge; and attaches a copy of her 2016 EEOC charge alleging that Defendant retaliated against her.

Because the undersigned recommends that Plaintiff be allowed to amend her Title VII and ADEA retaliation claims, it is further **RECOMMENDED** that Defendant's motion to dismiss those claims be **DENIED without prejudice** to its right to renew its motion after Plaintiff files her amended complaint or in the event Plaintiff does not file an amended complaint as directed.

### Summary

Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. For the reasons discussed above, it is **RECOMMENDED** that Defendant's motion to dismiss (Doc. 3) be **GRANTED in part and DENIED** in part.  Specifically, it is **RECOMMENDED** that Defendant's motion be **GRANTED** as to Plaintiff's ADA discrimination and retaliation claims and her Title VII and ADEA discrimination claims and that those claims be **DISMISSED**.  It is further **RECOMMENDED** that Plaintiff be directed to file an amended complaint to provide additional factual support for her Title VII and ADEA retaliation claims and that Defendant's motion to dismiss those claims be **DENIED without**

**prejudice** to its right to seek dismissal of them after Plaintiff files an amended complaint or if she fails to do so.

**IT IS SO ORDERED, REPORTED, and RECOMMENDED** this 24th day of March, 2017.

> _/s/ J. CLAY FULLER_
> J. CLAY FULLER
> United States Magistrate Judge